UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN GATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01236-JPH-TAB |
| | ) |
| BAILEY MARTIN SPA District 4A, in her individual capacity, | ) |
| JENNIFER SIMS Supervisor Parole Dist. 4A, in her individual capacity, | ) |
| MARK SEVIER Warden, NCCF, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, John Gates, is a prisoner at New Castle Correctional Facility. *See* dkt. 1. Mr. Gates filed this 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when his parole was revoked after he attended and worked at a church. *See id.* He has also filed a motion for leave to proceed *in forma pauperis.* Dkt. [2].

**I.     Motion to Proceed *In Forma Pauperis***

Mr. Gates' motion to proceed in forma pauperis, dkt. [2], is **GRANTED** to the extent that he is assessed an initial partial filing fee of $10.16. *See* 28 U.S.C. § 1915(b)(1). He shall have through **August 13, 2021**, to pay this initial partial filing fee to the clerk of the district court.

Mr. Gates is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the

1

full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Gates and to his custodian.

## II.   Screening the Complaint

### A. Screening standard

Because Mr. Gates is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

The complaint names three defendants: (1) Parole Officer Bailey Martin; (2) Parole Supervisor Jennifer Sims; and (3) New Castle Correctional Facility

Warden Mark Sevier.  *See* dkt. 1.  Mr. Gates, a convicted sex offender on state parole, alleges that the defendants violated his First Amendment rights by refusing to allow him to work at and worship at a church due to his parole conditions.  *Id.* at 7.  Mr. Gates' parole was revoked when he continued to frequent the church.  *Id.*  Mr. Gates also alleges that the defendants' actions violated Indiana's Religious Freedom Restoration Act.  *Id.* at 5.

Mr. Gates seeks a declaratory judgment, injunctive relief, monetary damages, and the resignation or reassignment of Ms. Martin.  *Id.* at 8.

### C. Discussion of claims

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Mr. Gates does not allege that Ms. Sims was personally involved with the alleged constitutional deprivations.  A plaintiff "only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation."  *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002).  "[A] plaintiff may not rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates."  *Id.*  Thus, any claim against Ms. Sims must be **dismissed** for failure to state a claim.

Although Mr. Gates names Warden Sevier as a defendant, he makes no factual allegations against him.  "Individual liability under § 1983 . . . requires

3

personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Because Mr. Gates has made no factual allegations against Warden Sevier, all claims against him are **dismissed** for failure to state a claim upon which relief can be granted.

Liberally construed, the allegations in the complaint are sufficient to plausibly assert (1) a § 1983 claim for First Amendment violations; and (2) a state-law Religious Freedom Restoration Act claim. *See United States v. Israel*, 317 F.3d 768 (7th Cir. 2003). Those claims **shall proceed** against Bailey Martin. *See Mays v. Johnson*, No. 20-2750, 2021 WL 2623426, at *2 (7th Cir. June 25, 2021) (applying a "functional approach" to decide whether parole officer is entitled to absolute immunity).

No other claims or defendants have been identified in the complaint. Should Mr. Gates believe that the Court has overlooked a claim or defendant, he shall have through **August 13, 2021**, to identify those omissions to the Court.

### III.   Issuance of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Bailey Martin in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate Jennifer Sims and Mark Sevier as defendants on the docket.

**SO ORDERED.**

Date: 7/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN GATES
112294
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Bailey Martin
Evansville Parole District #4A
5603 Highway 41 N.
Evansville, IN 47711