UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN GATES, | ) |
|                       Plaintiff, | ) |
| v. | )  No. 1:21-cv-01236-JPH-TAB |
| BAILEY MARTIN SPA District 4A, in her indivdual capacity, | ) |
|                       Defendant. | ) |

**ORDER DENYING MOTION FOR RECRUITMENT OF COUNSEL AND DENYING MOTION TO COMPEL AS MOOT**

Plaintiff John Gates has filed a motion for recruitment of counsel. Dkt. 18. Mr. Gates's also filed a motion to compel the business office at New Castle Correctional Facility to pay the initial partial filing fee out of his trust account at the prison. Dkt. 19. For the reasons that follow, dkt. [18] is **DENIED,** and dkt. [19] is **DENIED as moot**.

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)). "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (*quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.

1

2007) (en banc)).  The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry."  *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Mr. Gates has attempted to contact two attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself."  *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655).  "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'"  *Id.* (quoting *Pruitt,* 503 F.3d at 655).  "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'"  *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Gates states that he has "no difficulty" reading or writing English and that he completed the 11th grade and earned his G.E.D.  Dkt. 18 at 2. He generally states that he has mental health issues and ADD "which makes it difficult to focus on one thing for a long period." *Id.* at 3.  Further, he notes "trouble understanding legal issues" but indicates he has done all his own legal

2

research by accessing LexisNexis on a tablet made available to inmates. *Id.* He also filed a post-conviction relief action in 2020 without the assistance of counsel. *Id.* Finally, Mr. Gates indicates he lacks understanding of "the civil procedures of litigation, motions, objections, [and] nuances of federal civil litigation." *Id.*

In sum, Mr. Gates points to general challenges that are common to many inmates and pro se litigants, but none that the Court finds that warrants assisting him with recruitment of counsel at this time. To date, Mr. Gates has made numerous filings in this action, each of which are coherent. Should Mr. Gates require additional time to comply with any Court imposed deadline or to respond to a motion by the defendants, he may move for an extension of that specific deadline.

Further, Mr. Gates's case is still at an early stage and there are no pending motions presenting complex legal issues that would require assistance beyond Mr. Gates's apparent abilities.

Accordingly, Mr. Gates's motion for recruitment of counsel, dkt. [18], is **denied without prejudice**.

The Court also **denies as moot** Mr. Gates's motion to compel the business office to release his filing fee as that sum has been paid. Dkt. [19]. Mr. Gates has requested that the Court consider his payment of $8.76 as 'full payment of the initial partial filing fee.' Dkt. 22. Because the Court has issued a collection order for the remainder of the fee, that request is **denied as moot**. *See* dkt. 24.

3

**SO ORDERED.**

Date: 10/29/2021

                                                                          *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN GATES
112294
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
molly.mccann@atg.in.gov